# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                          |     |                        |
|--------------------------|-----|------------------------|
| STATE OF DELAWARE        | )   |                        |
|                          | )   |                        |
|                          | )   |                        |
| v.                       | )   | I.D. No.: 1804003383   |
|                          | )   |                        |
|                          | )   |                        |
| LAMAR MCELDERRY,         | )   |                        |
|                          | )   |                        |
| Defendant.               | )   |                        |

## OPINION

Submitted: September 14, 2018
Decided: October 1, 2018

*Upon Consideration of Defendant's Motion to Suppress,* **DENIED.**

Rebecca Song, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State.*

James O. Turner, Jr., Esquire, Assistant Public Defender, Office of Defense Services, Wilmington, Delaware. *Attorney for Defendant.*

**MEDINILLA, J.**

## INTRODUCTION

Defendant Lamar McElderry ("Defendant") filed this Motion to Suppress after he was approached by police while sitting as a passenger in a parked vehicle in the early morning hours in Wilmington. Defendant argues that the officers seized him in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, Article I, Section 6 of the Constitution, and Delaware statutory law. For the reasons that follow, this Court finds that the officer had reasonable articulable suspicion to justify the seizure in this case. As such, Defendant's Motion to Suppress is **DENIED.**

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

On April 7, 2018, at approximately 1:05 a.m., Wilmington Police Department Officers Coffiey and Vasquez were patrolling the area of E. 10th Street and N. Kirkwood Street, identified as a high drug, high crime area. The Officers observed a tan 2001 Mercury Marquis with Delaware registration parked on the 600 Block of E. 10th Street. The vehicle was registered to a Newark, Delaware address. When the Officers passed the vehicle, the driver and rear passenger of the vehicle ducked down in their seats as if to hide or conceal their presence.

---

[1] The Court's recitation is based on the evidence presented at the suppression hearing held on September 14, 2018.

After the officers drove around the block and returned to the vehicle, they parked directly behind it and did not activate their emergency equipment. The Officers contacted WILCOM for officer safety due to the location and time of night, and reported to dispatch that they were conducting a "suspicious vehicle stop." Officers Vasquez and Coffiey approached the driver and passenger sides of the vehicle, respectively.

The Driver, James Delgenio ("Driver") was asked by Officer Vasquez what he was doing in the area, and he responded that he was giving a "buddy" and his girlfriend a ride home. Driver's "buddy" was Defendant, seated in the passenger seat; the "girlfriend," Tyeshia Carroll ("Passenger"), was seated in the rear seat. Defendant provided a different answer to Officer Coffiey and told the officer that he knew neither Driver nor Passenger, and was just getting a ride home.

Officer Coffiey testified that Defendant appeared nervous, and refused to make eye contact, instead staring straight forward while the officer spoke to him. When Officer Coffiey asked Defendant for his name, he gave the name "Cordell Young." Defendant continued to stare straight ahead and continued to appear nervous. The officer asked Defendant to look at him and instantly recognized him by his real name from a drug arrest made four months prior.[2] Officer Coffiey told

---

[2] Officer Coffiey testified that he arrested Defendant on December 20, 2017 for a drug-related offense that involved eleven grams of cocaine found on Defendant's person.

Defendant he knew Defendant to be Lamar McElderry and that he was placing him under arrest for Criminal Impersonation. Upon command to exit, Defendant stepped out of the vehicle and immediately reached for his waistband. The Officer testified he believed Defendant was armed and "going for" a weapon.[3] Officer Coffiey managed to gain control of Defendant's hands and placed him in handcuffs.

A pat-down search for weapons yielded a hard rock-like substance in a clear plastic baggy in Defendant's waistband area that the officer believed to be crack cocaine. As the officer continued to search Defendant's pockets, Defendant turned away and started running while in handcuffs. Officer Coffiey chased after him and placed him into custody. Defendant also had $402 on his person. A vehicle search was conducted wherein the officers found a Samsung cell phone on the front passenger seat that Defendant admitted was his. A DELJIS search showed Defendant had two active capiases. Defendant was indicted for Drug Dealing Tier 2, Resisting Arrest, and Criminal Impersonation.

Defendant filed this Motion to Suppress on August 7, 2018. The State responded on August 30, 2018, and a hearing was held on September 14, 2018.

---

[3] Given the ruling, this Court does not undertake an independent analysis regarding the pat-down search, as it was both lawful as incident to an arrest, and, alternatively, where the officer had an objectively reasonable belief that Defendant was armed and presently dangerous. *See Holden v. State*, 23 A.3d 843, 847 (Del. 2011) (citing *State v. Henderson*, 892 A.2d 1061, 1064 (Del. 2006)).

Having considered all pleadings and heard all arguments, the matter is ripe for review.

## STANDARD OF REVIEW

Delaware Superior Court Criminal Rule 12(b)(2) permits a defendant to file a motion to suppress evidence prior to trial.[4] Rule 41(f) provides that a motion to suppress evidence shall "state the grounds upon which it is made with sufficient specificity to give the state reasonable notice" of the contested issues.[5] In general on a motion to suppress, "the defendant bears the burden of establishing that the challenged search or seizure violated his rights under the United States Constitution, the Delaware Constitution, or the Delaware Code."[6] When the Defendant establishes a basis for the motion, such as a search or seizure conducted without a warrant, the burden is on the State to "establish that the challenged search or seizure comported with the rights guaranteed by the United States Constitution, the Delaware Constitution, and Delaware statutory law."[7] The State has a burden of proving the

---

[4] DEL. SUPER. CT. CRIM. R. 12(b)(2).

[5] DEL. SUPER. CT. CRIM. R. 41(f).

[6] *State v. Nyala*, 2014 WL 3565989, at *5 (Del. Super. July 17, 2014).

[7] *State v. Chandler*, 132 A.3d 133, 139 (Del. Super. 2015), *as corrected* (Del. Super. Apr. 14, 2015) (citing *Hunter v. State*, 783 A.2d 558, 560 (Del. 2001)).

constitutionality of the search by a preponderance of the evidence.[8]  Where in this case, the search occurred without a warrant, the State carries the burden of establishing the reasonableness of the search by a preponderance of the evidence.

## CONTENTIONS OF THE PARTIES

Defendant argues that the officers lacked reasonable articulable suspicion for the stop as required under *Terry v. Ohio*[9] and as codified in Delaware law under 11 *Del. C.* § 1902(a),[10] and therefore the items seized and statements made after the stop should be suppressed.  Defendant argues that the officers did not see any criminal activity before conducting the stop, and the fact that other passengers in the occupied vehicle were ducking down when the police drove by does not constitute reasonable articulable suspicion of a crime as to Defendant.  Defendant further argues that he was improperly seized when the officers parked behind the vehicle and approached from both sides.

The State maintains that the conduct of the officers was not a seizure, and constitutionally permissible as a consensual encounter between Defendant and the officers up to the point that Defendant provided the officers with a false name.  In

---

[8] *State v. Preston*, 2016 WL 5903002, at *2 (Del. Super. Sept. 27, 2016) (quoting *State v. Kang*, 2001 WL 1729126, at *3 (Del. Super. Nov. 30, 2001)).

[9] 392 U.S. 1 (1968).

[10] 11 *Del. C.* § 1902(a).

the alternative, the State argues that even if a seizure occurred, the officers had sufficient reasonable articulable suspicion based on the totality of the circumstances. Because this Court agrees with this latter theory, it focuses solely on the bases for why the officers had sufficient reasonable articulable suspicion to justify the seizure.

## DISCUSSION

The United States and Delaware Constitutions protect persons from illegal searches and seizures.[11] An officer "may detain an individual for investigatory purposes for a limited scope and duration, but only if such detention is supported by reasonable and articulable suspicion of criminal activity."[12]

Under Delaware law, "a peace officer may stop any person abroad, or in a public place, who the officer has reasonable ground to suspect is committing, has committed or is about to commit a crime, and may demand the person's name, address, business abroad and destination."[13] The term "reasonable grounds" has been interpreted to have the "same meaning as reasonable and articulable suspicion."[14]

---

[11] U.S. CONST. amend. IV; DEL. CONST. art. I, § 6.

[12] *Jones v. State*, 745 A.2d 856, 861 (Del. 1999) (citing *Terry*, 392 U.S. at 21).

[13] 11 *Del. C.* § 1902(a).

[14] *Jones*, 745 A.2d at 861.

7

In determining whether reasonable suspicion existed, it should be "evaluated in the context of the totality of the circumstances as viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with such an officer's subjective interpretation of those facts."[15] Further, a "seizure is justified only when, based on specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the belief that a crime is being or has been committed."[16]

Here, Defendant argues an illegal seizure occurred when the police vehicle pulled up behind him and/or when the officers proceeded to ask him questions. Yet "[i]t is well established that certain police questioning of individuals in parked automobiles does not constitute a Fourth Amendment seizure."[17] Under the Fourth Amendment, "a seizure does not occur simply because a police officer approaches an individual and asks a few questions."[18]

Here, the officers were patrolling a high crime, high drug area in Wilmington. They observe both Driver and Passenger suspiciously duck down as their marked vehicle drives past the stopped vehicle. They also noted that the vehicle was

---

[15] *Jones*, 745 A.2d at 861.

[16] *Quarles v. State*, 696 A.2d 1334, 1337 (Del. 1997) (citing *Terry*, 392 U.S. at 17-18).

[17] *Robertson v. State*, 596 A.2d 1345, 1351 (Del. 1991) (citations omitted).

[18] *Id.* at 1351 (quoting *Bostick*, 501 U.S. at 434).

8

registered to a Newark address but was sitting occupied in Wilmington at approximately 1:00 a.m. It was reasonable for the officer to be suspicious of the individuals when two of them are seen ducking down when the police vehicle passes. This Court finds it was proper for law enforcement to approach the vehicle and its occupants to ask questions regarding what they were doing in the area at that time.[19]

The Driver and Defendant then proceeded to provide wholly different versions to the officers about something as simple as what they were doing in the area and whether or not they even knew each other. Defendant appeared nervous and would not make eye contact, establishing more suspicion. Then when asked for his name, Defendant gave a false one. It was not unreasonable or unconstitutional for the officer to ask that the Defendant look at him in light of a prior recent arrest. Upon seeing him, the officer immediately knew that Defendant had lied about his identity, sufficient to place him under arrest for Criminal Impersonation. Under a totality of the circumstances analysis, the familiarity of Defendant from a prior drug arrest, coupled with the above-stated facts established sufficient reasonable articulable suspicion.[20]

---

[19] See Robertson, 596 A.2d at 1351.

[20] See State v. Brady, 152 A.3d 140, 2016 WL 7103408, at *2-3 (Del. Dec. 5, 2016) (TABLE) (finding officers had reasonable articulable suspicion defendant had drugs available to him in car and looked at officers' familiarity with defendant due to prior drug arrest).

This Court finds that the officers had sufficient reasonable articulable suspicion to justify the seizure that quickly developed into the requisite probable cause for Defendant's arrest. For these reasons, the evidence seized from Defendant will not be suppressed and Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
James O. Turner, Esquire
Rebecca Song, Esquire
Office of Investigative Services